**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MALACHAI DEBRUCE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) | C.A. No. 26-637-JLH-SRF |

**REPORT AND RECOMMENDATION**

Plaintiff Malachai DeBruce ("Plaintiff") filed this action on June 1, 2026, alleging violations of the Fair Credit Reporting Act ("FCRA"). (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The court proceeds to review and screen the First Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1915(e)(2)(b). (D.I. 8) For the reasons set forth below, I recommend that the court DISMISS without prejudice Plaintiff's state law claims at Counts IV and V of the FAC and allow Counts I to III to proceed.

## I. BACKGROUND

The following facts are taken from the FAC and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff names as defendants Experian Information Solutions, Inc. ("Experian"), TransUnion LLC ("TransUnion"), Equifax Information Services LLC ("Equifax"), and Dover Federal Credit Union ("DFCU," collectively, "Defendants").

Plaintiff maintained checking, savings, and credit card accounts with DFCU. (D.I. 8 at ¶ 21) Because Plaintiff's checking account had a negative balance and was charged off, DFCU refused to issue Plaintiff a new credit card and informed Plaintiff that the credit card account would be closed. (*Id.* at ¶¶ 22, 24-25) On June 12, 2025, Plaintiff went in person to a DFCU

branch in Dover, Delaware to pay off the balance of $1,040.15 on the credit card. (*Id.* at ¶¶ 23, 26) DFCU subsequently assessed additional fees and/or debits in the amount of $15.73 and furnished negative information about the account to Experian. (*Id.* at ¶¶ 28-29) Plaintiff disputed the information regarding the DFCU account on his credit report, but Experian failed to correct the information. (*Id.* at ¶¶ 30-33)

Plaintiff also maintained two accounts at First Premier Bank. On June 12, 2026, Plaintiff obtained consumer credit reports from Experian and Equifax showing Plaintiff's First Premier accounts had charged off and past due balances of $1,592 and $715, respectively. (*Id.* at ¶¶ 41-45, 58-62) Plaintiff's June 12, 2026 consumer credit report from TransUnion reflected a charge-off rating for a First Premier account with a balance of $1,592, as well as another First Premier account reported as current, paid, and closed. (*Id.* at ¶¶ 50-54) The FAC alleges that these credit reports were inaccurate because Plaintiff received letters from First Premier Bank on June 1, 2026 stating that neither of Plaintiff's two First Premier accounts was charged off. (*Id.* at ¶¶ 34-35, 37-38) The letters are not attached to the FAC.

Plaintiff contends that he raised disputes with Experian, TransUnion, and Equifax and provided supporting documentation. Nonetheless, the consumer credit reporting agencies failed to conduct a reasonable reinvestigation, and each of the agencies continued to report the challenged charge-off status. (*Id.* at ¶¶ 48-49, 54-56, 63-65)

The FAC asserts five causes of action: (1) Count I asserts violations of the FCRA, 15 U.S.C. § 1681e(b), against Experian, TransUnion, and Equifax; (2) Count II asserts violations of the FCRA, 15 U.S.C. § 1681i, against Experian, TransUnion, and Equifax; (3) Count III asserts violations of the FCRA, 15 U.S.C. § 1681s-2(b), against DFCU; (4) Count IV asserts Delaware state law claims for breach of contract, breach of the implied covenant, and/or unjust enrichment

against DFCU; and (5) Count V asserts a Delaware state law claim for defamation or false light against all Defendants, "in the alternative and only to the extent not preempted by the FCRA[.]" (*Id.* at ¶¶ 74-120) Plaintiff alleges damage to his creditworthiness, loss of credit opportunities, impairment of access to credit, and increased cost of credit, among other forms of injury. (*Id.* at ¶¶ 121-24, 126)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

The FCRA was intended "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA imposes certain duties on both consumer reporting agencies and those who furnish information to such agencies. *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Defendants Experian, TransUnion, Equifax are "consumer reporting agenc[ies]" as defined by 15 U.S.C. § 1681a(f). DFCU is a "furnisher" of information regarding a consumer to one or more consumer reporting agencies. *See Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 90 (3d Cir. 2017) (citing 16 C.F.R. § 660.2(c)).

### A. Counts I & II – Violations of 15 U.S.C. §§ 1681e(b) and 1681i

Counts I and II of the FAC allege that Experian, TransUnion, and Equifax violated 15 U.S.C. §§ 1681e(b) and 1681i, respectively. (D.I. 8 at ¶¶ 74-96) Section 1681e(b) requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates[.]" 15 U.S.C. § 1681e(b). When a consumer disputes the completeness or accuracy of the information in his report, Section 1681i provides that a credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a). Both statutory provisions require a showing that the credit report is inaccurate. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022).

To state a claim under Section 1681e(b), a plaintiff must plead that "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Bibbs*, 43 F.4th at 342 (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010)). Similarly, a cause of action under Section 1681i requires a showing that: (1) inaccurate information was included in a consumer's credit report, (2) the consumer raised a dispute with the consumer reporting agency, and (3) the inaccuracy would have been uncovered by a reasonable reinvestigation. *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 616 (E.D. Pa. 2008) (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Liberally construed, the FAC raises claims for violations of Sections 1681e(b) and 1681i at Counts I and II of the complaint, respectively. The FAC plausibly alleges that inaccurate information was included in Plaintiff's credit reports because the reports listed one or more of Plaintiff's First Premier accounts as charged off even though First Premier Bank allegedly

confirmed in writing that neither of the accounts was charged off. (D.I. 8 at ¶¶ 34-37) The FAC also states that Experian, TransUnion, and Equifax continued to report the charge-off status of the accounts even though Plaintiff challenged the reports' accuracy and the letters from First Premier Bank contradicted the charge-off status in the reports. (*Id.* at ¶¶ 46-49, 55-56, 63-65) According to the FAC, the continued publication of the charge-offs shows that Experian, TransUnion, and Equifax did not implement adequate procedures to ensure the accuracy of the reports, and their reinvestigation efforts "were superficial, unreasonable, and outcome-driven." (*Id.* at ¶ 70) As a result of the allegedly inaccurate reports by Experian, TransUnion, and Equifax, Plaintiff alleges that he suffered harm in the form of lowered credit standing and impaired ability to obtain credit on fair terms. (*Id.* at ¶ 71) At this early stage of the proceedings, the pleaded allegations at Counts I and II are sufficient to survive screening under Section 1915(e).

**B. Count III – Violations of 15 U.S.C. § 1681s-2(b)**

At Count III of the FAC, Plaintiff brings a claim against DFCU for violating 15 U.S.C. § 1681s–2(b), which sets forth the duties of furnishers upon notice of a dispute regarding the completeness or accuracy of information provided by the furnisher to a consumer reporting agency. 15 U.S.C. § 1681s-2(b). To state a claim under Section 1681s-2(b), a plaintiff must allege that: (1) he sent notice of the disputed information to a consumer reporting agency; (2) the agency notified the furnisher of a dispute; and (3) the furnisher failed to conduct a reasonable investigation and rectify the inaccurate information. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). For purposes of screening under Section 1915(e), the FAC plausibly alleges that: (1) Plaintiff notified the consumer reporting agencies that DFCU furnished inaccurate information regarding a residual balance of $15.73 on Plaintiff's credit card account, (D.I. 8 at ¶¶ 27-32, 100-01); (2) the credit reporting agencies notified DFCU of the dispute, (*id.*

at ¶ 102); and (3) DFCU "failed to conduct a reasonable investigation and failed to correct, delete, or modify the inaccurate information[,]" (*id.* at ¶¶ 103-04).

### C. Counts IV & V - State Law Claims

I recommend that the court dismiss Count IV of the FAC as preempted by the FCRA. Count IV asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and/or unjust enrichment against DFCU. (D.I. 8 at ¶¶ 107-14) The FCRA preempts these state law claims because the FAC alleges that DFCU was the furnisher of information to credit reporting agencies under Section 1681s-2(b). (D.I. 8 at ¶ 14) Section 1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F); *see also Hamer v. Navient Corp.*, C.A. No. 18-205-RGA, 2019 WL 3936655, at *3 (D. Del. Aug. 20, 2019). Courts within the Third Circuit have broadly construed the provision to preempt all statutory and common law causes of action against a furnisher of information, "regardless of whether those claims are couched in terms of common law or state statutory obligations." *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 451 (D.N.J. 2010); *see also Sinclair v. Capital One Fin. Corp.*, 2026 WL 1649894, at *3 (D.N.J. June 8, 2026) (citing cases).

Count IV rests on Plaintiff's assertion that he paid the entire outstanding balance of $1,040.15 on his credit card account, DFCU accepted the payment, and DFCU nonetheless reported Plaintiff's account as delinquent for failure to pay off an additional $15.73 in fees and debits. (*Id.* at ¶¶ 109-10) Although the FAC states that the claim concerns DFCU's "underlying account conduct and creditor-consumer dealings, not merely its furnishing of information to consumer reporting agencies[,]" the focus of the pleaded factual allegations is on DFCU's

furnishing of negative information to the credit reporting agencies. (*Id.* at ¶ 114; *see also* ¶¶ 28-33) The FAC does not describe the terms of any agreement between Plaintiff and DFCU regarding Plaintiff's purported payoff, and the associated injury relates to DFCU's continued reporting of an unpaid balance after Plaintiff attempted to pay off the account. (*Id.* at ¶¶ 111-13) Because the gravamen of the claim relates to DFCU's reporting of credit information in its role as a furnisher, the claim is preempted. *See Richardson v. Hyundai Capital Am. Inc.*, 2026 WL 927227, at *3 (E.D. Pa. Apr. 6, 2026) (citing *Ross v. FDIC*, 625 F.3d 808, 813-14 (4th Cir. 2010)). Therefore, I recommend that the court DISMISS Count IV of the FAC without prejudice.

Count V asserts a claim for defamation and false light against all Defendants under Delaware law. The FAC indicates that Count V "is pleaded in the alternative and only to the extent not preempted by the FCRA[.]" (D.I. 8 at ¶ 120) Section 1681h(e) provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . or any person who furnishes information to a consumer reporting agency[.]" 15 U.S.C. § 1681h(e). Consequently, defamation claims are preempted under the FCRA unless the "false information [is] furnished with malice or willful intent." *See Frazier v. Synovus Fin. Corp.*, 2023 WL 6279360, at *5 (E.D. Pa. Sept. 26, 2023) (quoting *Williams v. Navient Sols., LLC*, 2017 WL 3784039, at *2 (D.N.J. Aug. 31, 2017)). The FAC alleges that "Defendants acted negligently, recklessly, knowingly, and/or with malice or willful intent to injure Plaintiff by continuing to publish the disputed derogatory information after notice of its inaccuracy and after the information was contradicted by documentation." (D.I. 8 at ¶ 118) This conclusory allegation does not support a plausible inference that Defendants acted with malice or willful

intent. *See Parker v. Lehigh Cnty. Domestic Relation Court*, 621 F. App'x 125, 130 (3d Cir. 2015) (concluding that the FCRA preempted the plaintiff's libel claim where the complaint did not support a reasonable inference that the defendant acted with malice or intent to injure in reporting information); *see also Clark v. Experian*, 2025 WL 1426080, at *4 (E.D. Pa. May 16, 2025). I recommend that the court DISMISS Count V of the FAC without prejudice.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on October __, 2026 is ADOPTED.
2. A service order shall issue with respect to Plaintiff's claims under the Fair Credit Reporting Act at Counts I to III of the FAC.
3. Plaintiff's state law claims at Counts IV and V of the FAC are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 21, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE